UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| UNITED STATES OF AMERICA, | ) |
| :--- | :--- |
| | ) |
| v. | ) |
| | ) Docket no. 2:18-cr-00063-GZS |
| RICHARD DANIELS, et al., | ) |
| | ) |
| Defendant. | ) |

**ORDER ON DEFENDANTS' MOTIONS RE: SEVERANCE (ECF NOS. 316 & 324)**

Before the Court are: (1) the Motion for Severance by Defendant MR, LLC ("MR") (ECF No. 316) and (2) the Motion for Relief from Misjoinder and for Severance by Defendants Brian Bilodeau & Brian Bilodeau, LLC (together, the "Bilodeau Defendants") (ECF No. 324).[1] MR seeks a separate trial. The Bilodeau Defendants also request a separate trial or, alternatively, to be tried separately with only MR as co-defendant. Having reviewed the Motions as well as the related memoranda filed by the Defendants and the Government (ECF Nos. 399, 426, 441, 450), the Court DENIES the Motions for the reasons explained herein.

I.     **BACKGROUND**

Defendant MR is named in three counts and the Bilodeau Defendants in nine of the

---

[1] The Court notes that in addition to the Bilodeau Defendants filing their own Motion for Relief from Misjoinder and for Severance, they also filed a Joinder in MR's Motion. See ECF No. 323. Defendants Tyler Poland, Ty Properties, LLC, & Ty Construction, LLC ("the Poland Defendants") joined the Bilodeau Defendants' Motion (ECF No. 480), but did not submit their own supporting memoranda. The Court acknowledges their joinder but notes that the Bilodeau Defendants' arguments are applicable to them only to a limited extent.

Government's 41-count Superseding Indictment (ECF No. 82) brought against them and various co-defendants. The first count of this Indictment charges eleven defendants in an approximately two-year conspiracy to distribute marijuana. Bilodeau is charged in the Count 1 conspiracy; MR is not. However, Bilodeau and MR are charged with manufacturing marijuana together (Count 12) and engaging in a money laundering conspiracy related to the proceeds from that unlawful activity (Count 30) during the time of the Count 1 conspiracy. MR is also charged with maintaining a drug-involved premises during the time of the Count 1 conspiracy (Count 25). Bilodeau's other charges all involve alleged drug trafficking and related financial transactions occurring during the time of the Count 1 conspiracy.

## II. LEGAL STANDARD

Federal Rule of Criminal Procedure 8(b) provides:

> The indictment . . . may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count.

The rule permits the government to "charge serial transactions, and indict persons jointly, on the basis of what it reasonably anticipates being able to prove against the defendants, collectively, measured as of the time the indictment is handed up." United States v. Natanel, 938 F.2d 302, 306 (1st Cir. 1991). Generally, "a rational basis for joinder of multiple counts should be discernible from the face of the indictment." Id. "[I]t is not a necessary precondition to joinder that a defendant be involved in each offense charged in an indictment; joinder is proper as long as there is some common activity binding the objecting defendant with all the other indictees and that common activity encompasses all the charged offenses." Id. at 307.

Rule of Criminal Procedure 14(a) allows the court to "order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires" if "the joinder of offenses or defendants in an indictment . . . appears to prejudice a defendant." The federal courts prefer joint trials of defendants properly indicted together. Zafiro v. United States, 506 U.S. 534, 537 (1993); United States v. Molina, 407 F.3d 511, 531 (1st Cir. 2005) (stating that the "default rule is that defendants who are indicted together should be tried together"). "Garden-variety prejudice," such as that which "results in almost every trial in which the court tries more than one offense together," does not "in and of itself, warrant severance." United States v. Richardson, 515 F.3d 74, 81 (1st Cir. 2008). Instead, the defendant "must demonstrate that the prejudicial joinder likely deprived him of a fair trial." Id.; see also Zafiro, 506 U.S. at 539 ("We believe that, when defendants properly have been joined under Rule 8(b), a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence.").

### III. DISCUSSION

MR and the Bilodeau Defendants claim they were improperly joined in the Superseding Indictment and, even if joinder were proper, severance is required because they will be unduly prejudiced if tried with their current co-defendants. Urging that joinder is improper, MR argues that the Superseding Indictment alleges two separate conspiracies—the Count 1 drug trafficking conspiracy and the Count 30 money laundering conspiracy—only one of which implicates MR. For this reason, MR contends its charged offenses should not be joined with that of the Count 1 conspiracy. The Bilodeau Defendants join MR in this argument, maintaining that the only link

between the two charged conspiracies is Bilodeau's alleged involvement in both, which is insufficient to warrant joinder.[2]

Although it would be improper to join two separate and distinct conspiracies, see United States v. Webb, 827 F. Supp. 840, 841 (D. Mass. 1993), the Indictment at issue does not do so. In contrast to the example of improperly joined conspiracies cited by the Bilodeau Defendants and MR, the Superseding Indictment does not allege that Bilodeau and MR conspired in a new conspiracy after the Count 1 conspiracy terminated. See id. (describing two cocaine-distribution conspiracies, one running from December 1991 to February 1992 and another starting in January 1992, as separate conspiracies improperly joined). Rather, the three counts with which MR is charged, including the alleged money laundering conspiracy with Bilodeau, all allege unlawful cultivation and distribution of marijuana well within the duration of the larger marijuana trafficking conspiracy charged in Count 1. Bilodeau's presence as an overlapping member in the alleged conspiracies does not by itself make them part of "the same series of acts or transactions." Id. But the Indictment alleges that MR engaged in money laundering with Bilodeau that involved the proceeds of unlawful marijuana production *while Bilodeau allegedly participated in a larger marijuana trafficking conspiracy*. This is an indication, discernible from the face of the indictment, that MR knew about and participated in marijuana activity that was part of the Count 1 conspiracy's overall scheme. See United States v. Azor, 881 F.3d 1, 11 (1st Cir. 2017) ("Joinder is proper . . . even when the objecting defendant is only connected to one part of [a common] scheme."); United States v. Fuentes, 979 F. Supp. 2d 224, 226 (D.P.R. 2013) (stating that "[i]n order to be part of the 'same series of acts or transactions,' defendants must have known about and participated in acts that were part of an overall scheme"). Compare United States v. Menashe, 741

---

[2] Since the Poland Defendants are not charged in any other conspiracy, the Bilodeau Defendants' arguments as to the impropriety of joinder are inapplicable to them.

4

F. Supp. 1135, 1136, 1138 (S.D.N.Y. 1990) (finding two conspiracy charges improperly joined where they involved separate and distinct transactions violating the Arms Export Control Act and only one defendant was privy to both).

Even if Bilodeau establishes his late summer/early fall 2017 withdrawal from the Count 1 conspiracy, as he contends he will, the Count 30 money laundering conspiracy allegedly began in fall 2016.[3] Given this timeline, the Bilodeau Defendants' and MR's efforts to frame the second charged conspiracy as entirely separate from Bilodeau's involvement in the Count 1 drug trafficking conspiracy are simply not credible. Joinder of the charges is proper.

MR and the Bilodeau Defendants further argue that even if joinder is proper, severance is required to avoid undue prejudice. But any prejudice they may suffer from being tried alongside their current co-defendants is nothing more than the "garden variety" typical of a multi-defendant trial.[4] Even if the Bilodeau Defendants and MR were involved in only a part of the Count 1 conspiracy, their alleged involvement is not so limited as to indicate the sort of "gross disparity" in evidence between them and their co-defendants such that severance is necessary to avoid spillover prejudice.[5] See Azor, 881 F.3d at 12 ("Even where large amounts of testimony are

---

[3] MR makes numerous claims that the Government lacks any evidence connecting it with the Count 1 conspiracy and characterizes the Government's Indictment as an "allegation that a former alleged member of the [Count 1 conspiracy] rented the 230 Merrow Road to further the [Count 1] conspiracy *before* MR purchased the property." ECF No. 450, PageID # 1395. But a grand jury indicted MR with the Count 30 money laundering conspiracy—allegedly a conspiracy to acquire 230 Merrow for unlawful cultivation of marijuana—that began in November 2016. Thus, the Government alleges that MR engaged in unlawful marijuana-related activity with Bilodeau before Bilodeau's alleged withdrawal from the Count 1 conspiracy. As discovery proceeds, it may be that MR can present a stronger case for severance on grounds that its involvement with Bilodeau commenced after his withdrawal from the Count 1 conspiracy, but at this stage in the proceedings, the Court is not persuaded that the Government's evidence is so lacking that joinder is improper.

[4] The severance analysis that follows is generally applicable to the Poland Defendants, who provided no additional reasons why they would be unduly prejudiced by a joint trial.

[5] MR argues that there is "no evidence whatsoever that MR was ever a member of the [Count 1 conspiracy], was ever involved in any marijuana cultivation on the property, or was ever involved in the manufacture or sale of any narcotics," and thus there is, in fact, a "gross disparity." ECF No. 450, PageID # 1397. But a grand jury indicted MR with charges of manufacturing marijuana, maintaining a drug-involved premises, and money laundering related to the proceeds of those illegal activities during the course of the Count 1 conspiracy—the Government therefore has at least

5

irrelevant to one defendant, or where one defendant's involvement in an overall agreement is far less than the involvement of others, we have been reluctant to secondguess severance denials.") (quoting United States v. Boylan, 898 F.2d 230, 246 (1st Cir. 1990)); United States v. Levy-Cordero, 67 F.3d 1002, 1007 (1st Cir. 1995) (noting that even where "a 'minnow' stands trial with a 'kingfish,' and the government aims most of its ammunition at the kingfish," the disparity in evidence alone does not warrant severance). Neither MR nor the Bilodeau Defendants persuasively suggests that there is some aspect of the evidence to be presented against their co-defendants that will likely compromise their right to a fair trial. MR asserts that evidence related to conduct of defendants charged in the Count 1 conspiracy will improperly suggest MR's "guilt by association," but as MR states, such evidence would be wholly irrelevant to the Government's case against MR. Any potential spillover prejudice may be addressed through careful jury instructions. See United States v. Baltas, 236 F.3d 27, 34 (1st Cir. 2001); see also United States v. Blankenship, 382 F.3d 1110, 1123 (11th Cir. 2004) ("In general, the strong presumption is that jurors are able to compartmentalize evidence by respecting limiting instructions specifying the defendants against whom the evidence may be considered."). Similarly, jury instructions are sufficient to address the Bilodeau Defendants' concern that the jury may confuse the two conspiracies with which Bilodeau is charged.

MR and the Bilodeau Defendants suggest that the Indictment in which they are charged presents the rare case of such complexity and size that it will prove logistically impractical, be "nearly impossible for a jury to . . . assess the guilt or innocence of each defendant independently," and require them to stand trial for a length of time disproportionate to their alleged involvement in the charged offenses. Blankenship, 382 F.3d at 1124. At this point in the prosecution, eleven of

---

some evidence of MR's involvement in unlawful activity. MR is free to revisit these arguments closer to trial if and when it marshals further evidence to persuade the Court that severance is necessary.

the 23 originally charged defendants have entered plea agreements with the Government. In an exercise of its discretion, the Court concludes that the presented logistical and fairness concerns do not make severance necessary.

Finally, both the Bilodeau Defendants and MR claim that they will be prejudiced by the admission of hearsay evidence inadmissible as to them if they are tried with their current co-defendants, in violation of United States v. Bruton, 391 U.S. 123 (1968). However, neither has made a sufficiently specific showing of the hearsay the Government plans to enter against their co-defendants such that the Court may rule for severance on these grounds. In general, courts asked to determine whether severance is warranted based on a Bruton concern are presented with specific out-of-court statements the Government plans to enter, along with the Government's proposed redactions. See, e.g., United States v. Williams, No. 2:15-cr-00069-JDL, 2015 WL 6775920, *2 (D. Me. Nov. 6, 2015). This permits the court to determine (a) whether the statement's admission against the objecting defendant in a joint trial would be so "powerfully incriminating," even with a limiting instruction, as to violate the objecting defendant's rights under the Confrontation Clause, see Bruton, 391 U.S. at 135-37, and (b) whether redactions to the statement that remove, for example, the objecting defendant's name and references to the defendant's existence, will eliminate the statement's incriminating effect such that it may be admitted under Richardson v. Marsh, 481 U.S. 200 (1987) and Gray v. Maryland, 523 U.S. 185 (1998). Here, MR and the Bilodeau Defendants only vaguely allude to Government wiretaps that they allege contain incriminating content. Without more specificity as to the content of this evidence, the Court cannot make a ruling on whether they necessitate severance. Likewise, although MR warns (in its Reply (ECF No. 450), PageID # 1397) that the Government may enter roadside confessions that would constitute testimonial hearsay and raise Confrontation Clause

concerns under Crawford v. Washington, 541 U.S. 36, 68 (2004), this assertion is so lacking in specificity that the Court is unable to rule on it at this time. MR and the Bilodeau Defendants are free to revisit these claims if and when they are able to make a more detailed and specific showing of the prejudice they anticipate suffering, but until that point, the Court rejects Bruton or Crawford concerns as grounds for severance.

## IV. CONCLUSION

For the reasons explained herein, the Court DENIES Defendants' Motions for Severance (ECF Nos. 316 & 324). This ruling is without prejudice to the Defendants renewing their requests to sever as noted herein.

SO ORDERED.

                                        /s/ George Z. Singal
                                        United States District Judge

Dated this 20th day of December, 2019.